# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ERIC VIMONT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:12-cv-3318-DGK |
| | ) | |
| BRYAN HAUGEN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS SUMMARY JUDGMENT

This case concerns the distribution of unpasteurized milk in Christian County, Missouri. Plaintiff pro se Eric Vimont ("Vimont") alleges Defendants, all board members or employees of the Christian County Health Department, unlawfully tried to prevent him from delivering raw milk to his Christian County customers. Vimont, a farmer, sells raw milk to these customers from a centralized distribution point rather than delivering it directly to their homes. He is suing Defendants for "Interference with Occupation" (Count I) and "Interference with Business Relations" (Count II).

Now before the Court is Defendants' Motion for Summary Judgment (Doc. 57). Finding there is no genuine dispute of material fact and Defendants are entitled to summary judgment as a matter of law, Defendants' motion is GRANTED.

### Summary Judgment Standard

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for its motion, and it must identify those portions of the record demonstrates the

absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation omitted). If there is a genuine dispute as to the facts, the court must view the facts in the light most favorable to the nonmoving party. *Id.* Decisions concerning credibility determinations, the weighing of evidence, and what inferences to draw from the evidence are decisions reserved for the jury, not the judge. *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150 (2000).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S 557, 585 (2009).

**Undisputed Facts**

For purposes of summary judgment, the Court finds the facts to be as follows.[1]

Plaintiff Eric Vimont is a farmer who sells and distributes unpasteurized ("raw") milk in Christian County, Missouri. In addition to selling raw milk, Vimont raises and sells beef,

---

[1] The Court has omitted properly controverted facts, facts that are immaterial to the resolution of the pending motion, facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as fact.

poultry, eggs, and pork. He does not hold a license or permit from the State Milk Board to produce or sell Grade A retail raw milk.

The Christian County Health Department ("CCHD") is a political subdivision of Christian County created under Missouri Revised Statutes sections 205.010 - 205.120. Prior to June 10, 2010, Christian County had a county regulation governing food establishments and food handling ("the Food Order") that was silent on the issue of the sale or distribution of raw milk. When the CCHD Board of Directors became aware that raw milk producers were selling and distributing raw milk at the farmer's market in Ozark, Christian County, Missouri, the CCHD Board[2] voted on June 10, 2010, to prohibit the sale and distribution of raw milk from the farmer's market or other centralized locations within Christian County. On the same day CCHD Board President, Defendant Charles Powell, delivered a letter to Mr. Vimont advising him of the vote.

At all times relevant to this lawsuit, Defendant Bryon Haugen ("Haugen"), the Assistant Administrator of the CCHD, and Defendant Cindy Bilyeu, an Administrator with the CCHD, had no right or authority to participate in CCHD board votes. Haugen's job duties include investigating food establishments and other producers and food sellers in Christian County and enforcing the Food Order.

Defendants contend that the Food Order authorized Haugen to issue orders to abate generally, including issuing an order to abate against Vimont. Vimont contends Haugen did not have authority to issue abatement orders against farmers.

---

[2] Defendant Dr. Mark Woods was not a board member of the CCHD as of June 10, 2010, and he did not participate in the vote.

On January 30, 2012, the Christian County Commission enacted a new Food Order containing language governing the sale and distribution of raw milk. The new Food Order defines raw dairy products as "any diary product that is not pasteurized or does not undergo some other type of process that is approved in the current FDA Grade A Pasteurized Milk Ordinance to remove infectious agents." And section 205(D) of the new Food Order states, "Producers of retail raw dairy products may sell and take orders for their product at the physical farm location where the products are produced and may deliver the product to the clients domicile."

On May 31, 2012, Vimont distributed raw milk in Ozark from customer Jennifer Wilson's driveway. The driveway was not connected to Pasture Nectar Farm, the farm Vimont owns and operates, nor was it connected to the residence or domicile of any of Vimont's other customers. As Vimont distributed the milk, he accepted payment for it.

Haugen approached Vimont and told him he needed to stop selling raw milk. Haugen subsequently mailed, and Vimont received, an order to abate and a copy of the new Food Order. Haugen was the only Defendant involved in the May 31, 2012, incident.

Section 11.1 of the new Food Order contained an appeal procedure. Vimont did not appeal the order. Vimont contends he did not need to appeal since there was nothing for him to appeal. Vimont contends the order did not apply to him because he was not operating a food establishment.

Vimont has continued to make deliveries of raw milk in Christian County from a centralized distribution point since receiving Powell's June 10, 2010, letter and Haugen's order to abate. Vimont has not missed a delivery of raw milk in the last five to five and a half years, except postponing a delivery once or twice because of the weather.

Vimont has not itemized the amount of damages he is seeking or the method by which he may arrive at such a calculation. During discovery in this lawsuit he produced to Defendants only two weeks' worth of sales data for his raw milk sales in Christian County.

Vimont does not believe any of his customers stopped purchasing milk from him due to Defendants' actions. No customer has advised Vimont that they no longer intend to purchase milk from him because of any of the Defendants' actions, and none of Vimont's customers breached any oral contract with him as a result of Defendants' actions. After the CCHD Board voted in 2010 to prohibit the distribution of raw milk from centralized location points in Christian County, Vimont actually experienced a slight increase in business.

## Discussion

**I.     Defendants are entitled to summary judgment on Count I.**

    **A.     Plaintiff cannot establish a Fourteenth Amendment Due Process violation under 42 U.S.C. § 1983.**

Plaintiff's first claim is titled "First Cause of Action Against All Defendants Interference with Occupation 42 U.S.C. §§ 1983 and 1985." To establish a § 1983 violation, a plaintiff must prove: (1) the violation of a constitutional right, (2) committed by a state actor, (3) acting with the requisite culpability and causation to violate the constitutional right. *Hart v. City of Little Rock*, 432 F.2d 801, 804-05 (8th Cir. 2005). Judging from the Complaint's citation to *Allgeyer v. Louisiana*, 165 U.S. 578, 589-590 (1897), and *Meyer v. Nebraska*, 262 U.S. 390, 399-400 (1923), Plaintiff appears to be alleging a Fourteenth Amendment Due Process claim. There are two kinds of Fourteenth Amendment Due Process claims, substantive and procedural. Plaintiff cannot establish either claim.

### 1. Plaintiff cannot establish a substantive due process claim.

To establish a public official violated the plaintiff's substantive due process rights, the plaintiff must show: (1) the official violated a fundamental constitutional right of the plaintiff, and (2) the official's conduct shocks the contemporary conscience. *McLean v. Gordon*, 548 F.3d 613, 616 (8th Cir. 2008). A fundamental right is one that is so "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Moran v. Clarke*, 296 F.3d 638, 651 (8th Cir. 2002). The Eighth Circuit has held that to rise to the level of a due process violation, an official's act must demonstrate an abuse of power that is "so brutal and offensive that it does not comport with traditional ideas of fair play and decency." *Smithson v. Aldrich*, 235 F.3d 1058, 1063 (8th Cir. 2000) (internal quotation omitted). Mere negligence does not rise to this level. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Neither element is satisfied here. Defendants actions did not violate any fundamental right. Defendants argue, and Plaintiff does not dispute, that there is no fundamental right to sell or distribute unpasteurized cow milk. Although Plaintiff attempts to cast the issue as his right to earn a living, this argument is unavailing. As a threshold matter, while there is a "generalized due process right to choose one's field of private employment," this is a right "which is nevertheless subject to reasonable government regulation." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999); *Dent v. West Virginia*, 129 U.S. 114 (1889) (upholding a state law requiring a person to acquire a medical license before practicing medicine). The measure Defendants sought to impose here—restricting the distribution of dairy products which have not been treated to remove infectious agents—is reasonable. And prohibiting Plaintiff from delivering raw milk from a centralized distribution point will not prevent him from earning a living. Plaintiff is a

farmer who produces and sells not just raw milk, but beef, pork, poultry, and eggs. Restricting him to selling or distributing raw cow milk at his farm or his customers' homes will lessen his income by increasing his delivery costs, but will not prevent him from earning a living. Consequently, the right to earn a living is not implicated here.

Furthermore, Defendants' actions do not rise to the level that shocks the contemporary conscience. In 2010 the Defendant CCHD Board members voted to ban Plaintiff from selling raw milk at the Ozark farmers market, and in 2012 Christian County enacted a food order prohibiting the sale of raw milk under certain conditions. Defendants Powell and Haugen then took minor steps—sending a letter and issuing an order to abate—to enforce these prohibitions. These actions cannot fairly be characterized as brutal or offensive. Accordingly, Plaintiff cannot establish either element of a substantive due process violation.

### 2. Plaintiff cannot establish a procedural due process claim.

Establishing a procedural due process claim is a two-step process. "Initially a plaintiff must prove the state deprived him of some life, liberty, or a property interest." *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 902 (8th Cir. 2000). "If successful, the plaintiff must then establish that the state deprived him of that interest without sufficient process." *Id*.

With respect to the first element, Defendants argue Plaintiff has not specifically identified the liberty or property interest of which Defendants allegedly deprived him, nor has he been deprived of any liberty or property interest. In response, Plaintiff states "Plaintiff was quite clear as to what he specified." (Doc. 60 at 7.)

As a threshold matter, the Court cannot identify any liberty or property interest Defendants have taken from Plaintiff. Although Plaintiff believes this interest is clear, it is not clear to the Court, and after carefully researching the issue, the Court cannot find any legally

7

recognized liberty or property interest of which Plaintiff has been deprived. There is no federal, state, or local law investing an individual with the right to distribute raw cow milk or a property interest in the ability to freely contract for raw cow milk. On the contrary, as the Supreme Court noted in discussing the freedom of contract,

> The Constitution does not speak of freedom of contract. It speaks of liberty and prohibits the deprivation of liberty without due process of law. In prohibiting that deprivation, the Constitution does not recognize an absolute and uncontrollable liberty. . . 'Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community.'

*West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 391-92 (1937) (upholding the constitutionality of a minimum wage law) (quoting *Chicago, Burlington & Quincy R. Co. v. McGuire*, 219 U.S. 549, 565 (1911)). Here the CCHD, and later the Christian County Commissioners, promulgated minor regulations restricting Plaintiff's ability to distribute unpasteurized milk. Although Plaintiff disagrees with the policies underlying these restrictions, the Court holds as a matter of law these restrictions did not deprive Plaintiff of any liberty or property interest. Accordingly, Plaintiff has cannot prove the first element of a procedural due process claim.

Even if Plaintiff was deprived of a protected liberty or property interest, he cannot show that he was not given sufficient due process. "The fundamental requirement of due process 'is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Plaintiff was given an opportunity to contest the order to abate, and he failed to do so. His failure to avail himself of the process to contest the order precludes his bringing a procedural due process claim. *See, e.g., Knight v. Lombardi*, 952 F.2d 177, 179 (8th Cir. 1991)

8

(holding inmate who failed to use the available prison procedures to review the propriety of withholding his mail could not bring a procedural due process claim).

Since Plaintiff cannot satisfy the elements of either a substantive or procedural due process claim, he cannot prevail on a § 1983 Fourteenth Amendment Due Process claim, and the Court need not consider Defendants' immunity defenses.

**B.      Alternately, Plaintiff cannot establish a § 1985 conspiracy claim.**

Count I's title also references 42 U.S.C. § 1985, and although nothing in the body of Count I suggests Defendants conspired to violate Plaintiff's civil rights, Defendants have moved for summary judgment on any § 1985 conspiracy claim. In relevant part, 42 U.S.C. § 1985 provides that

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal protection and immunities . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators.

42 U.S.C. § 1985(3). In order to establish a § 1985(3) claim, a plaintiff must plead and prove that: (1) the defendants conspired; (2) to directly or indirectly deprive any person, or class of persons, of the equal protection of the laws or of equal privileges and immunities under the laws based upon race or class-based discriminatory animus; (3) one or more conspirators acted to further the object of the conspiracy; which (4) injured the plaintiff's person or property or deprived the plaintiff of having or exercising any privilege inuring to a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

Defendants argue Plaintiff cannot prove the first and second elements. Defendants contend they acted the way they acted to enforce the Food Order, not out of any discriminatory

9

animus against the Plaintiff. Plaintiff responds that "[t]he fact that the Board voted to enforce non-existent laws should be more than enough evidence to support a 42 U.S.C. § 1985 claim." (Doc. 60 at 11.) It is not. Plaintiff must prove that Defendants acted out of race or class-based discriminatory animus, but there is no evidence in the record indicating Defendants acted from a discriminatory motive. Accordingly, Plaintiff cannot establish a § 1985 claim.

In sum, because Defendants cannot establish any claim under either 42 U.S.C. § 1983 or § 1985, Defendants are entitled to summary judgment on Count I.

**II.     Defendants are entitled to summary judgment on Count II because Plaintiff cannot prove the elements of tortious interference with a business relationship.**

Count II is a state law claim alleging tortious interference with a business relationship. To establish this tort, a plaintiff must prove: (1) he had a contract or a valid business relationship or expectancy; (2) the defendant knew of this contract or relationship; (3) the defendant intentionally interfered with this relationship by inducing or causing a breach of the contract or relationship; (4) the defendant's absence of justification; and (5) the defendant's conduct damaged the plaintiff. *Serv. Vending Co. v. Wal-Mart Stores*, 93 S.W.3d 764, 769 (Mo. Ct. App. 2002).

Defendants argue Plaintiff cannot prove the second, third, fourth, and fifth elements with respect to the June 2010 CCHD board member vote prohibiting sales or distribution of raw milk from a centralized distribution point in Christian County, and he cannot prove the third, fourth, and fifth elements with respect to Haugen's attempt to enforce the new Food Order in 2012. With respect to the third, fourth, and fifth elements, Plaintiff's argument is: "3) Defendants breached the [Plaintiff's] relationship with the Farmers' Market. 4) There was a total lack of justification and 5) [t]here were damages." (Doc. 60 at 10.)

These conclusory statements are insufficient to rebut Defendant's arguments and, more importantly, they are without merit. Conclusory statements and bald, unsupported assertions are insufficient to survive a motion for summary judgment. Local Rule 56.1(a). Furthermore, Plaintiff's statements are demonstratively incorrect. For example, the record does not establish that Defendants' attempts to enforce the Food Orders damaged Plaintiff. It is undisputed that Vimont has not failed to deliver any raw milk because of the Defendants' actions, and none of Vimont's customers have stopped purchasing raw milk from him because of the Defendants' actions. In fact, following the CCHD 2010 vote, Plaintiff experienced a slight increase in business. Accordingly, Defendants are entitled to summary judgment on Count II.

### III. Plaintiff is not entitled to any relief.

Because Defendants are entitled to summary judgment on both counts, Plaintiff is not entitled to any form of relief, including a declaratory judgment or an injunction.

### Conclusion

For the reasons discussed above, Defendants' Motion for Summary Judgment (Doc. 57) is GRANTED. The Court awards Defendants summary judgment on all of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated:  December 11, 2013                                 /s/ Greg Kays
                                                                        GREG KAYS,
                                                                        UNITED STATES DISTRICT JUDGE